The plaintiffs and the defendants are the children, or their representatives, of John W. Mayo, deceased. The testator had been twice married, and had children by each venter. And he advanced, in his lifetime, $2,000 worth of property, at different times, to each of five of his eldest children, as they married off. To each of the three sons he advanced land, slaves, and perishable property, in different proportions, but the aggregate amount to each he valued at the sum of $2,000. And as to the two daughters, the advancement to one was entirely in slaves, and to the other in slaves and perishable property, making each advancement of the value of $2,000 according to his estimate. His object, as he expressed it in his will afterwards, was equality in value of property among all his children. It appears that the father, in 1816, took a receipt from one of his sons, expressing in it the particular property, real and personal, which had been advanced to him, and the valuation of each article received by him, as computed by the father. That this valuation of the father was not less than the market value of the property is not shown by any evidence in the cause.
The father, afterwards, in July, 1824, made his will, and devised and bequeathed that his property should be kept together by his executor and his wife for certain purposes not now necessary to mention; and then he provided as follows: "It is my wish that if it should so happen that any of my children by my last wife should marry, or it should become necessary to have his or her part, the county court shall appoint some three *Page 72 
or more persons to set apart to him or her such part of my estate on hand as may be most for their advantage and the advantage of the heirs at large, without a draw; which allotment, so made, shall be binding on all the heirs, provided that each allotment so allotted shall not (86) exceed in value the sum of $2,000, so as to make them all equal. All the valuations are to be made on the same scale or principle
as the valuation I put on the property I have heretofore given my sons Lawrence, James, and Frederick, and my daughters Maria and Nancy, aschedule of which they, or some of them, can produce of property they have received, on which is a valuation of $2,000 I then put. And at a final division of the property among my children, it is my desire it should be equally divided among all my children." In 1836 a petition was filed in the county court for a division of the estate among all the children, according to the will. All the persons that were interested were made parties to the said petition. The court made an interlocutory order in the cause that the estate should be divided according to the prayer of the petition, and appointed commissioners for that purpose. The estate was large, consisting of some thirty slaves and money and bonds to about $4,000. The commissioners, in performing their duty, valued the slaves according to their then market value, without reference to any scale or principle which the testator had before made in any schedule left with any of his five eldest children, if, in fact, any such schedule ever was left by him; and after allotting to the unadvanced children their $2,000 in slaves at the then market value, and in money, they proceeded to divide the residue of the estate equally among all the children of the testator. The report was returned into court, and no exception being made to the same, it was there confirmed, and a decree made in conformity to it.
The plaintiffs, some of the younger children, filed this petition in the county court, it being in the nature of a bill of review, complaining of the said decree; and they assign for error in the same that in making the allotment to them of slaves to make up their respective amounts of $2,000, the valuation of the same was not made by the commissioners or decreed by the court according to any scale or principle (87) mentioned in a schedule which the testator had made in his lifetime, and referred to in his will. The plaintiffs in their petition do not set forth any such schedule. The defendants, in their answer, deny any knowledge of such schedule, other than the receipt mentioned in the case. The proofs in the cause do not show that the testator ever left with any of his children a schedule of property containing any particular scale or principle of valuation, other than the receipt above mentioned.
Upon the hearing of this petition in the Superior Court, it was dismissed, and the plaintiffs appealed. *Page 73 
This petition of review has traveled from the county court of Edgecombe to this Court, and, after examining it, we are unable to discover any error in the original decree. There was no other rule of valuation of the slaves to make up the $2,000 each for the younger children, as directed by the will, than the then market valuation. If the younger children had preferred money, then their respective allotments in property would each have commanded $2,000.
The advancements which had been made by the testator to his five eldest children to make up each of their $2,000 were composed of very different kinds of property, and were also made at considerable intervals of time, as his said children settled off in life. It seems to us that it would have been very difficult for the testator to have framed a different scheme of valuation from the market value of his property, which was left to accumulate in the hands of his executor, so as to have effectually carried out what seemed to have been his general intention — equality among all of his children.
But it does not appear that the testator ever left with any of (88) his said five eldest children a schedule containing a scale or principle of valuation of his property for the purposes of division among all his children. It, therefore, becomes unnecessary for us to discuss the question, if he had done so, whether it would have been made by, what is said in the will, a testamentary paper requiring probate.
PER CURIAM. Affirmed.